10 A.3d 889 (2010)
417 N.J. Super. 518
ATFH REAL PROPERTY, LLC, Plaintiff-Respondent,
v.
WINBERRY REALTY PARTNERSHIP, Defendant-Appellant, and
Kearny Federal Savings Bank and the State of New Jersey, Defendants.
No. A-1189-09T1.
Superior Court of New Jersey, Appellate Division.
Submitted October 27, 2010.
Decided November 30, 2010.
*890 Ferro and Ferro, attorneys for appellant (Nancy C. Ferro, Ridgewood, on the brief).
Robert A. DelVecchio, LLC, attorneys for respondent (Susan B. Fagan-Limpert, Lincoln Park, of counsel and on the brief).
Before Judges FISHER, SAPP-PETERSON and SIMONELLI.
The opinion of the court was delivered by
FISHER, J.A.D.
Defendant Winberry Realty Partnership (WRP), a partnership consisting of four siblings, appeals a series of orders entered in this foreclosure action. WRP's appeal chiefly focuses on the order of July 9, 2009, which favorably vacated the judgment of foreclosure but on the conditions, which WRP finds objectionable, that WRP pay plaintiff's attorneys fees and hold plaintiff harmless for potential claims resulting from the actions taken by plaintiff in reliance on the vacated judgment. We find no abuse of discretion in the equitable remedy crafted by the chancery judge and affirm.

I
Plaintiff ATFH Real Property, LLC filed a complaint alleging it purchased a tax sale certificate issued on property owned by WRP in Rutherford. The complaint *891 demanded that the court fix the amount due on the certificate, foreclose WRP and all other persons claiming a right to redeem, and vest in plaintiff an indefeasible fee simple in the property.
Plaintiff attempted personal service of the summons and complaint on WRP at its registered business address in Clifton the home of John Winberry, one of WRP's partnersbut an individual inside refused to open the door. Plaintiff thereafter mailed the summons and complaint to the same address by regular and certified mail. The certified mail was refused; the regular mail was not returned to plaintiff.
Winberry, who is not an attorney, filed an answer to the complaint on behalf of WRP.[1] Consequently, the Office of Foreclosure[2] forwarded the matter to the trial court as a contested matter. When WRP failed to attend both the original and rescheduled case management conferences, the judge handling the matter at the time struck the pro se answer by order entered on August 6, 2007.
A few weeks later, Winberry filed a pro se motion for relief from the August 6, 2007 order. Winberry appeared late on the return date and claimed he was unprepared and too ill to proceed. The judge rescheduled the motion.
At the rescheduled hearing, Winberry informed the judge he was unprepared to proceed because he had misplaced his file. The judge was prepared to adjourn the matter for a few hours; Winberry requested more time. Because the judge was unavailable the following week, he refused that request. However, the judge also sua sponte questioned the propriety of Winberry's representation of WRP in light of Rule 1:21-1(c).[3] Without drawing any conclusions, the judge asked plaintiff's counselbecause plaintiff was, in the judge's words, "purportedly being prejudiced" whether it was her desire to consent to an adjournment "for in excess of a week and try to compel Mr. Winberry to get counsel, or did you wish to do this today without counsel?" Plaintiff's counsel stated her preference to proceed because that was her third appearance in the matter. Plaintiff's counsel noted, however, that she did not wish to cut off "anyone's rights to argue substantively" even though, in her view, the answer asserted no meritorious defense.
In deciding to hear the motion, the judge appeared to accept as legitimate what he referred to as Winberry's "sundry excuses" for failing to previously appear. He also preliminarily observed that the pro se answer contained no valid defense and the argument regarding the sufficiency of service of process was "likely without merit" because WRP "clearly had notice" and any likelihood of prevailing on such a defense was "negligible." With these and other comments, the judge advised he would hear argument in the afternoon. *892 Winberry, however, did not return to the court room due to a panic attack. The hearing was rescheduled.
Winberry later requested an adjournment of the new date because of illness, but the judge only continued the matter until later in the afternoon. Winberry arrived at the court house but due to another alleged panic attack was transported by ambulance to the hospital. The judge rendered an oral decision on the papers, finding it no longer equitable, fair, or appropriate to make plaintiff's counsel wait any longer for a decision.
In his opinion, the judge correctly found that the complaint alleged all those elements necessary for foreclosure. In considering WRP's contentions regarding service, the judge recognized the obvious fact that WRP had actual notice of the suit. The judge also concluded that plaintiff had attempted service by both certified and regular mail after unsuccessful efforts at effecting personal service. Although the attempt to serve by certified mail was not fulfilled because that mailing went unclaimed, the judge correctly recognized that WRP had not asserted the regular mailing "had not been received, other than the generic assertion that there had been no receipt of the summons and complaint." In addition, the judge rejected WRP's other pleaded defense, concluding that the alleged lack of an accounting from plaintiff as to the amount due did not render this a contested action. As a result, the judge found the answer did not contest plaintiff's right to foreclosure, and he returned the matter to the Office of Foreclosure by order entered on October 31, 2007.
After the matter was returned to the Office of Foreclosure, an order setting the amount, time, and place for redemption was entered on May 5, 2008. The property was not redeemed by the deadline.
Winberry again moved on WRP's behalf for relief. The judge denied that motion on July 21, 2008. Final judgment barring redemption was entered three days later.
On February 2, 2009, a law firm appearing on behalf of WRP moved to vacate final judgment.[4] In ruling on this motion, Judge Ellen L. Koblitz, who had not previously handled the case, granted relief from the final judgment conditioned upon WRP's payment of out-of-pocket expenses relating to the property, WRP's payment of plaintiff's reasonable attorneys fees and costs, and WRP's indemnification of plaintiff. On July 9, 2009, an order was entered memorializing the judge's ruling.
WRP thereafter unsuccessfully moved for reconsideration or clarification, and WRP appealed, arguing:
I. THE COURT BELOW ERRED IN IMPOSING CONDITIONS FOR REDEMPTION OF THE PROPERTY RETROACTIVELY [IN THE JULY 9, 2009 ORDER].
II. THE TRIAL COURT ERRED IN ENTERING THE ORDER OF MAY 28, 2009[[5]] BECAUSE DEFENDANT HAD LACK OF NOTICE AND DID NOT HAVE THE OPPORTUNITY FOR A HEARING.

*893 III. SERVICE WAS DEFECTIVE RESULTING IN A LACK OF JURISDICTION RENDERING THE SUBSEQUENT ORDERS VOID.
IV. THE TRIAL COURT ERRED IN AWARDING COUNSEL FEES TO PLAINTIFF BECAUSE THE LEGAL REQUIREMENTS AND EQUITIES STRONGLY FAVOR [WRP] OVER THE PLAINTIFF UNDER THE CIRCUMSTANCES.
A. There Was No Legal Basis For The Imposition Of Counsel Fees.
B. The Equities Weighed Heavily In Favor Of [WRP].
1. The failure to pay taxes is not a valid basis.
2. [WRP] did not act in bad faith.
3. The equities weighed against the plaintiff.
4. The court did not make the required findings of facts and conclusions of law.
5. The emphasis on calendar control resulted in the complicating this case.

II
These arguments may be restated as including only two colorable contentions. WRP's other arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).
First, WRP argues that the judgment was void not voidable because the trial court never possessed jurisdiction due to the lack of proper service of process. From this premise, WRP contends it was inappropriate for the trial court to condition the vacating of that judgment. Second, WRP alternatively contends the judgment should have been vacated without conditions because the convolutions in the proceedings were not its fault or were beyond its control.

A
WRP's premise for arguing the judgment was voidthat service was improper or insufficientis without merit. The record reveals that plaintiff attempted personal service on WRP at the residence of one of its partners, which was entirely appropriate, see R. 4:4-4(a)(5), but was thwarted because no one answered the door. Plaintiff then attempted service by mail, also appropriate in the circumstances. See R. 4:4-4(c). The certified mail went unclaimed; the regular mail was never returned.
Default, of course, may not be entered when a plaintiff uses the optional mail service permitted by Rule 4:4-4(c), but such service is sufficient when an answer is filed or when the party challenging service "appears" in the action. Here, Winberry filed a pro se answer on behalf of WRP. Although WRP did not answer the complaint through an attorney as required by Rule 1:21-1(c), we are satisfied that in these unusual circumstances WRP appeared in a manner sufficient to preclude its contentions regarding service of process. Moreover, we must be mindful that WRP, through one of its partners, had actual knowledge of the suit and had a full and fair opportunity to be heard in the matter so as to preclude its current assertions about the procedure leading to the entry of judgment. To be sure, the pro se answer filed by Winberry on WRP's behalf should have been treated as a nullity. But WRP was indulged and given every opportunity to both retain counsel and to argue the merits.
WRP's arguments regarding service of process suggested, at best, only technical deficiencies that were correctly found by the trial court to be insufficient as a matter of law. See, e.g., Citibank, *894 N.A. v. Russo, 334 N.J.Super. 346, 351-53, 759 A.2d 865 (App.Div.2000). A judgment based on improper service of process of this technical nature is not void but merely voidable. See Jardine Estates, Inc. v. Koppel, 24 N.J. 536, 541, 133 A.2d 1 (1957); Gobe Media Group, LLC v. Cisneros, 403 N.J.Super. 574, 578-79, 959 A.2d 892 (App. Div.2008); Rosa v. Araujo, 260 N.J.Super. 458, 462, 616 A.2d 1328 (App.Div.1992), certif. denied, 133 N.J. 434, 627 A.2d 1140 (1993).[6] Simple fairness precludes WRP from seeking the unraveling of the prior proceedings because of alleged technical defects generated by its own acts or omissions.
And, to the extent WRP believed the judge had erred in proceeding in light of the alleged defects in service, WRP was obligated to appeal the final judgment that soon followed.[7] It is now far too late in the day for WRP to contend that the judgment never should have been entered due to the alleged lack of proper service.

B
In turning to the second aspect of WRP's appeal, it is helpful to consider the procedural circumstances in order to determine whether or to what extent it was appropriate for the trial judge to impose conditions in vacating the judgment. In essence, WRP argues the alleged prior procedural deficienciesthe rejection of its claim that service of process was inadequate and the court's willingness to overlook Winberry's lack of capacity to represent WRPrender inequitable the conditions imposed by the judge in vacating the foreclosure judgment. We reject this as well.
It may be arguable that the earlier proceedings in this matter were not perfectly handled, but contrary to WRP's contentions on appeal, its plight is not the fault of the trial judge then handling the matter far from it. Whether WRP was or was not properly served, one of its members admittedly obtained actual knowledge of the pending suit and timely presented a responsive pleading. Even though Winberry was not competent to represent WRP's interests, the Office of Foreclosureas is its practice and in an abundance of cautionforwarded the matter to the vicinage for further proceedings. Little immediate attention was given to Winberry's lack of capacity to appear for WRP, but that was to WRP's immediate advantage,[8] *895 and when the focus later turned to the requirements of Rule 1:21-1(c), the judge correctly raised the matter with the parties. Winberry did not take any steps to secure counsel for WRP and persisted in his attempts to represent the partnership. The record clearly demonstrates that the judge indulged Winberry and his repeated claims of illnesses but ultimately ruled that the pro se answer did not assert meritorious defenses to foreclosure and deemed the answer non-contesting. In short, the judge put aside the procedural defects and considered the parties' arguments on the merits. Now, WRP appears to argue that it was misled by the judge's indulgence of its partner's attempts to be heard. Although in hindsight we agree the judge was mistaken in considering Winberry's papers and argumentsincluding the pro se answerand should simply have entered an order declaring the absence of any pleading responsive to the complaint, we find no merit in WRP's contention that it was prejudiced by the steps taken by the judge in reviewing the sufficiency of the pleadings submitted by Winberry.
Indeed, we agree with the upshot of Judge Koblitz's ruling in imposing conditions on the relief granted from the judgment of foreclosurethat responsibility for the delays, the parties' changes in position in the interim, and the accrual of additional costs were to be laid at WRP's doorstep. That being the case, the judge acted well within her power to ameliorate the prejudice that would flow to plaintiff from the granting of such relief by imposing conditions. See R. 4:50-1 (declaring that judges are authorized, in relieving a party from a judgment or order, to impose "such terms as are just"). In fact, considering that WRP presented nothing in support of its motion for relief other than its version of the convolutions in the prior proceedingsall having their genesis in Winberry's inappropriate attempt to represent WRPand the harm Winberry's misguided actions may have caused WRP's other partners, the judge would have acted well within her discretion if she simply denied the motion.[9] Considering the dubious merit in WRP's contentions, as well as the resulting prejudice that would otherwise be suffered by plaintiff, Judge Koblitz quite appropriately imposed conditions.
In Regional Construction Corp. v. Ray, 364 N.J.Super. 534, 543, 837 A.2d 421 (App.Div.2003), we held that the imposition of terms pursuant to Rule 4:50-1 lies within the trial court's discretion and "should be judged against the relative strength or *896 weakness of the movant's application" and sustained "when reasonably proportionate to the prejudice suffered by plaintiff." The terms were not imposed "to punish or sanction" WRP but to ameliorate the prejudice to plaintiff resulting from the granting of relief. Ibid.
In essence, a trial judge's decision in such a matter is guided by equitable principles. Hodgson v. Applegate, 31 N.J. 29, 37, 155 A.2d 97 (1959). We conclude that Judge Koblitz acted well within these parameters in crafting an equitable resolution of the parties' post-judgment disputes. Hous. Auth. of Morristown v. Little, 135 N.J. 274, 287, 639 A.2d 286 (1994); Regional Constr. Corp., supra, 364 N.J.Super. at 540-43, 837 A.2d 421.[10]
Affirmed.
NOTES
[1] Winberry claimed he did not receive the summons and complaint through any of plaintiff's attempts at service and learned of it only through conversations at the borough tax office.
[2] The Office of Foreclosure, a unit of the Administrative Office of the Courts, is responsible for recommending the entry of orders or judgments in uncontested foreclosure matters. R. 1:34-6. The Office of Foreclosure also forwards those matters that are or appear to be contested to the appropriate vicinage for further action. Once the trial court determines that the matter is uncontested or resolves any contest, the matter is returned to the Office of Foreclosure for further action.
[3] The Rule declares that "an entity, however formed and for whatever purpose, other than a sole proprietorship shall neither appear nor file any paper in any action in any court of this State except through an attorney authorized to practice in this State."
[4] By this time, plaintiff had contracted to sell the property.
[5] The notice of appeal does not reference an order dated May 28, 2009 as being a subject of this appeal, nor has a search of the record on appeal revealed any such order. We assume from the content of Point II that WRP refers to an oral direction contained in a transcript dated April 28, 2009; WRP further asserts in its brief that this transcript was erroneously dated April 28, 2009 when, in fact, the proceedings occurred on May 28, 2009.
[6] WRP relies on Driscoll v. Burlington-Bristol Bridge Co., 8 N.J. 433, 86 A.2d 201, cert. denied, 344 U.S. 838, 73 S.Ct. 25, 97 L.Ed. 652 (1952), in urging the judgment was rendered void by the absence of strict compliance with our service rules. Driscoll, however, has never been understood as requiring the voiding of judgments absent a determination that the nature of the insufficiency rises to the level of a deprivation of due process. Because WRP had notice and an opportunity to be heard even if it is assumed that notice was imperfectly giventhese circumstances do not compel a finding that WRP was deprived of due process. See O'Connor v. Abraham Altus, 67 N.J. 106, 126, 335 A.2d 545 (1975) (holding, in quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950), that a fundamental requirement of due process is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").
[7] WRP claims that a notice of appeal was then submitted, but it has not provided sufficient evidence to support the truth of that contention. Even if that did occur, WRP acknowledges that the appeal was never perfected. As a result, WRP may not now be heard to complain of issues that should have been presented by way of an earlier appeal.
[8] Ideally, the judge should have found that Winberry could not appear for WRP because of the requirements of Rule 1:21-1(c). The result of that would be the disregarding of the papers Winberry submitted on WRP's behalf, a finding that the action was uncontested due to the absence of an answer, and a return of the court's file to the Office of Foreclosure. An order to that effect would have caused an earlier entry of a default judgment, a matter not in WRP's best interests. As a result, WRP was not prejudiced but instead benefited from what WRP now argues were the missteps of the trial court.
[9] Judge Koblitz's decision to vacate the judgment was based on what she found to be a substantial inequity that would otherwise result to the other WRP partners, who were allegedly unaware of the proceedings and possibly could have cured the financial issues had they been notified by Winberry of the suit. Whether the failure of partners to communicate in such an instance is sufficient to undermine the judgment is debatable. After all, the partnership's registered address was Winberry's residence; any injury resulting to other partners because the partnership's designation of a registered address made one partner the initial recipient of any suit need not form a basis for undermining the legitimate steps taken by plaintiff in securing judgment. Notwithstanding, we certainly do not question the judge's decision to provide relief in this instance, particularly where plaintiff has not cross-appealed or sought our review of that aspect of the order in question. More to the point, we do agree that the ground upon which vacation rested was not so weighty as to compel unconditional relief.
[10] We lastly observe that it would be unjust at this time to relieve WRP of the conditions imposed in the July 9, 2009 order. Clearly, Judge Koblitz viewed those conditions as necessary and material aspects of the decision to reinvigorate WRP's lost right of redemption. Having received the benefit of the part of the order that permitted redemption, WRP should not now be heard to complain that the conditions imposed should not be enforced. See In re Mortg. Guar. Corp., 137 N.J.Eq. 193, 198, 44 A.2d 205 (E. & A.1945); Twp. of Piscataway v. So. Washington Ave., LLC, 400 N.J.Super. 358, 368, 947 A.2d 663 (App.Div.2008); Tassie v. Tassie, 140 N.J.Super. 517, 524-25, 357 A.2d 10 (App.Div.1976).