NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2762-15T2

ROBERT NEDESKI,

 Plaintiff-Respondent,

v.

WINFIELD SCOTT CORP.,

 Defendant,

and

WINFIELD SCOTT TOWER URBAN
RENEWAL ASSOCIATES, L.P.,

 Defendant-Respondent,

and

GIOVANNI SCALZULLI, d/b/a
ENVY NIGHTCLUB,

 Defendant-Appellant.
________________________________________________________________

 Submitted March 28, 2017 – Decided August 23, 2017

 Before Judges Messano and Espinosa.

 On appeal from Superior Court of New Jersey,
 Law Division, Union County, Docket No. L-2429-
 14.

 Trenk, DiPasquale, Della Fera & Sodono, PC,
 attorneys for appellant (Michele M. Dudas, of
 counsel and on the briefs; Franklin Barbosa,
 Jr., on the briefs).

 Mintz & Geftic, LLC, attorneys for respondent
 (Bryan H. Mintz, on the brief).

PER CURIAM

 Defendant Giovanni Scalzulli appeals from an order denying

his motion to vacate a default judgment entered against him in

this slip and fall personal injury action. We reverse and remand

for further proceedings.

 I.

 Rule 4:50-1 "governs an applicant's motion for relief from

default when the case has proceeded to judgment." US Bank Nat'l

Ass'n v. Guillaume, 209 N.J. 449, 466 (2012). The rule permits

a court to

 relieve a party . . . from a final judgment
 or order for the following reasons: (a)
 mistake, inadvertence, surprise, or excusable
 neglect; . . . (d) the judgment or order is
 void; . . . or (f) any other reason justifying
 relief from the operation of the judgment or
 order.

 [R. 4:50-1.]

 "[T]he opening of default judgments should be viewed with

great liberality, and every reasonable ground for indulgence is

tolerated to the end that a just result is reached." Hous. Auth.

of Morristown v. Little, 135 N.J. 274, 283-84 (1994) (alteration

in original) (quoting Marder v. Realty Constr. Co., 84 N.J. Super.

 2 A-2762-15T2
313, 319 (App. Div.), aff'd o.b., 43 N.J. 508 (1964)).

Furthermore, "[a]ll doubts . . . should be resolved in favor of

the parties seeking relief." Nowosleska v. Steele, 400 N.J. Super.

297, 303 (App. Div. 2008) (alterations in original) (quoting

Mancini v. EDS ex rel. N.J. Auto Full Ins. Underwriting Ass'n, 132

N.J. 330, 334 (1993)).

 II.

 The original complaint was filed against Winfield Scott Corp.

d/b/a Envy Night Club (Winfield Scott) and fictitious corporations

in July 2014. It alleged plaintiff was lawfully on property owned,

occupied, operated, or maintained by Winfield Scott when he was

injured due to Winfield Scott's negligence.

 In February 2015, an amended complaint was filed, naming the

defendants as "Winfield Scott Corp.; Winfield Scott Tower Urban

Renewal Associates, L.P., and Giovanni Scalzulli d/b/a Envy Night

Club" and fictitious corporations. The amended complaint alleged

that all the defendants owned, occupied, operated or maintained

the property where plaintiff was injured.

 According to a lease for the property, Winfield Scott Tower

Urban Renewal Associates, L.P. (Winfield) owns the property; GS

Entertainment Productions, LLC (GS Entertainment) is Winfield's

tenant and operates a nightclub on the property. Scalzulli is the

sole managing member of GS Entertainment and the signatory on the

 3 A-2762-15T2
lease.

 Scalzulli failed to file an answer. Plaintiff moved for

entry of default judgment and his counsel hand-delivered the motion

papers to Scalzulli's office at the property on April 27, 2015.

 On May 29, 2015, the court entered a default judgment against

defendants "on the issue of liability" and scheduled a proof

hearing for June 29, 2015. Plaintiff served a copy of the order

on Scalzulli at the property by regular mail on June 2, 2015. In

addition, on June 24, 2015, plaintiff served the notice of the

scheduled proof hearing on Scalzulli at the property via FedEx

overnight mail, which was received and signed for by Scalzulli's

daughter.

 Scalzulli did not appear at the proof hearing on June 29,

2015.

 On July 6, 2015, the court entered a final judgment by default

in favor of plaintiff for $250,000 against defendants Winfield

Scott, Winfield and Scalzulli jointly and severally. Plaintiff

served a copy of the judgment on Scalzulli at the property by

regular mail on July 8, 2015.

 Both Winfield and Scalzulli filed motions to vacate the

default judgment. Winfield contended there had been improper

service of the amended complaint and filed an answer and third-

 4 A-2762-15T2
party complaint against GS Entertainment.1

 In his motion to vacate the default judgment, Scalzulli sought

relief under: Rule 4:50-1(a), arguing his default was excused

because he was never served and his meritorious defense was that

he could not be held personally liable for plaintiff's injury

because it occurred in a nightclub owned by GS Entertainment; Rule

4:50-1(d), arguing the judgment was void due to defective service;

and Rule 4:50-1(f), arguing "a $250,000 judgment against an

individual, when the alleged incident occurred at a night

club . . . justif[ied] the relief."

 In support, Scalzulli submitted a certification in which he

made a number of factual assertions to support his argument that

he was not properly served. He also stated he was improperly

named as a defendant and had no "personal liability to" plaintiff;

he was "the sole member of" GS Entertainment which operates a

nightclub at the property; and "is not an owner of the [p]roperty,

and is a tenant" of Winfield GS Entertainment.

 Plaintiff opposed both motions. The trial court granted

1
 In response to the identification of GS Entertainment as a
liable party, plaintiff (1) filed a second amended complaint adding
GS Entertainment as a defendant on December 16, 2015; and (2)
initiated a separate action alleging the same facts against GS
Entertainment on January 6, 2016. On April 4, 2016, the trial
court consolidated the two actions.

 5 A-2762-15T2
Winfield's motion, finding Winfield was not properly served

because plaintiff did not serve its registered agent.

 The trial court denied Scalzulli's motion. It rejected

Scalzulli's claim he had not been properly served, and found he

had not shown excusable neglect. Although the trial court

recognized Scalzulli "clearly ha[d] a meritorious defense, as he

is an individual and the night club's apparently operated under

an LLC," it found "a meritorious defense [was] not enough" because

it was "satisfied that he was properly served."

 In his appeal, Scalzulli argues, in sum, the trial court

abused its discretion under Rules 4:50-1(a), (d), and (f) in

denying his motion to vacate the default judgment because he was

never properly served, he had a meritorious defense, and the result

of him being held personally liable for claims against GS

Entertainment was unjust. Because we agree that relief should

have been granted pursuant to Rule 4:50-1(f), Scalzulli's

remaining arguments require little discussion. R. 2:11-

3(e)(1)(E).

 III.

 We grant substantial deference to a trial court's decision

on a motion to vacate a default judgment and will only reverse

when the denial "results in a clear abuse of discretion."

Guillaume, supra, 209 N.J. at 467.

 6 A-2762-15T2
 We discern no abuse of discretion in the trial court's

rejection of Scalzulli's arguments that relief was warranted under

subsections (a) and (d) of Rule 4:50-1, which rested on his

disputed and uncorroborated claims regarding ineffective service

and his corresponding claim of excusable neglect.2

 Rule 4:50-1(f) "affords relief only when 'truly exceptional

circumstances are present.'" Guillaume, supra, 209 N.J. at 468

(quoting Little, supra, 135 N.J. at 286). It is applied only to

"situations in which, were it not applied, a grave injustice would

occur." Id. at 484 (quoting Little, supra, 135 N.J. at 289). To

this end, courts "focus on equitable considerations in determining

whether the specific circumstances warrant the unique

remedy authorized by the Rule." Little, supra, 135 N.J. at 294.

Although "[n]o categorization can be made of the situations which

would warrant redress under [Rule 4:50-1(f)]," DEG, LLC v. Twp.

of Fairfield, 198 N.J. 242, 269-70 (2009), where exceptional

circumstances are found, the Rule applies "as expansive[ly] as the

2
 For the first time on appeal, Scalzulli also argues the judgment
is void under Rule 4:50-1(d) because, due to plaintiff's failure
to "plead or assert any legal theory supporting [his] personal
liability," the default judgment "conflicts with established law"
that a managing member cannot be held personally liable for claims
against an LLC. Although we need not address this issue, see
Guillaume, supra, 209 N.J. at 483, we note that such an error
would not render the default judgment void under Rule 4:50-1(d),
see Hendricks v. A.J. Ross Co., 232 N.J. Super. 243, 248 (App.
Div. (1989).

 7 A-2762-15T2
need to achieve equity and justice," Guillaume, supra, 209 N.J.

at 484 (quoting Court Inv. Co. v. Perillo, 48 N.J. 334, 341

(1966)).

 Typically, Rule 4:50-1(f) relief "is applied 'sparingly, in

exceptional situations' to prevent grave injustice." Nowosleska,

supra, 400 N.J. Super. at 304 (quoting Cmty. Realty Mgmt., Inc.

v. Harris 155 N.J. 212, 237 (1998)). However, judgments obtained

by default are considered to be "more vulnerable to being set

aside." Morales v. Santiago, 217 N.J. Super. 496, 505 (App. Div.

1987). Thus, applications to vacate default judgments are "treated

'indulgently'" and Rule 4:50-1(f) "is applied more liberally" in

this context. Nowosleska, supra, 400 N.J. Super. at 304 (quoting

Mancini, supra, 132 N.J. at 336).

 Here, Scalzulli argues the default judgment should be vacated

in the interest of justice under Rule 4:50-1(f) because it is

"fundamentally unfair" to hold him personally liable for claims

against an LLC. He also argues the default judgment should be

vacated because $250,000 "is exorbitant as compared to the actual

injuries suffered by plaintiff" and the trial court "created the

danger of an inconsistent judgment" when it vacated the judgment

against Winfield and not him.

 In cases where, as here, the applicant seeks to vacate a

default judgment entered as a result of inexcusable neglect, Rule

 8 A-2762-15T2
4:50-1(f) may provide relief if "there is at least some doubt as

to whether the defendant was in fact served with process." Davis

v. DND/Fidoreo, Inc., 317 N.J. Super. 92, 100 (App. Div. 1998)

(quoting Goldfarb v. Roeger, 54 N.J. Super. 85, 92 (App. Div.

1959)), certif. denied, 158 N.J. 686 (1999). "In that regard,

even though the neglect was inexcusable, the absence of evidence

establishing willful disregard of the court's process is an

important consideration." Ibid. (citing Mancini, supra, 132 N.J.

at 336).

 However, this court has granted Rule 4:50-1(f) relief even

where the inexcusable neglect was willful. In Arrow Manufacturing

Co. v. Levinson, 231 N.J. Super. 527, 529-30 (App. Div. 1989), the

defendant was properly served with a complaint naming him

individually and alleging he failed to respond to a demand notice

on a judgment against a corporation in which he was a shareholder.

After the defendant failed to respond to the complaint and ignored

numerous other communications throughout the litigation, default

judgment was entered against him and he moved to vacate. Id. at

531. The defendant asserted a meritorious defense – that he was

not personally liable for the judgment against his corporation and

did not believe he had to respond to the demand notice – but the

trial court nevertheless denied his motion due to his "various

attempts to evade service of process upon [his corporation] and

 9 A-2762-15T2
of the demand notice and summons and complaint upon him." Id. at

532. This court reversed and vacated the judgment under

subsections (a) and (f) of Rule 4:50-1, holding that, although

"the devious tactics of [the defendant] may have been the genesis

of the ultimate default judgment entered against him, the sanction

of piercing the corporate veil and entering a judgment against him

individually for the corporate debt was far too severe for that

conduct." Id. at 534.

 Here, as in Arrow, although the facts support a finding that

Scalzulli deliberately evaded service of process of the amended

complaint and ignored subsequent notices regarding this

litigation, the default judgment against him has the same effect

that is "far too severe," ibid., of piercing the corporate veil

and entering a judgment against him individually for claims against

GS Entertainment. None of the three complaints alerted him to

this potential peril because they did not plead a basis for

piercing the corporate veil and holding Scalzulli personally

liable for injuries that uncontestably occurred at a nightclub

owned and operated by GS Entertainment. The result of the denial

of his motion allows a judgment to stand that holds him personally

liable when he had no notice of that possible outcome and there

was no legal basis for that result. The grave injustice standard

for relief under Rule 4:50-1(f) was met.

 10 A-2762-15T2
 Although we conclude the default judgment must be vacated,

we note this relief may be conditioned upon appropriate sanctions.

"[J]udges are authorized, in relieving a party from a judgment or

order, to impose 'such terms as are just.'" ATFH Real Prop., LLC

v. Winberry Realty P'ship, 417 N.J. Super. 518, 528 (App. Div.

2010) (quoting R. 4:50-1), certif. denied, 208 N.J. 337 (2011);

see also Arrow, supra, 231 N.J. Super. at 534.

 The order denying Scalzulli's motion to vacate default

judgment is reversed and remanded for the trial court to determine

what sanctions, if any, constitute appropriate conditions of

relief. We do not retain jurisdiction.

 11 A-2762-15T2