**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5174-15T1

MARY JO LAMB,

    Plaintiff-Respondent,

v.

FLUTURA SAITI,

    Defendant-Respondent,

and

SAFET SAITI,

    Defendant-Appellant.

_____

Submitted July 5, 2017 — Decided September 22, 2017

Before Judges Nugent and Accurso.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-0073-14.

Rachel L. Baxter, attorney for appellant.

Perrucci Law Corporation, attorneys for respondent Mary Jo Lamb (Angelo M. Perrucci, Jr., on the brief).

PER CURIAM

Defendant Safet Saiti appeals from an order denying his Rule 4:50 motion for relief from a default judgment. Because it appears the judgment may have been entered without legal basis, we vacate the order and remand for reconsideration of whether defendant should be relieved of the default judgment "upon such terms as are just." R. 4:50-1.

Plaintiff Mary Jo Lamb filed a complaint alleging she loaned defendants Flutura Saiti and Safet Saiti, wife and husband, $75,400 in 2012, as memorialized in a note signed by Flutura Saiti on August 10, 2013, attached as an exhibit to the complaint. The note states that "I Flutura Saiti owe Mary Jo Lamb $56,000.00 from a loan given to me by Mary Jo Lamb in 2012." The note makes no mention of Safet Saiti at all. In count three of the complaint, plaintiff alleged that "[o]n or about August 10, 2013 and at times prior thereto, defendants and each of them represented to plaintiff that they would use their best efforts to repay plaintiff." She claimed the representations, on which she relied, were false when made and that she "would not have made the loan otherwise." Plaintiff obtained final judgment by default against defendants for a sum certain pursuant to Rule 4:43-2, based on an unopposed certification of amount due not included in the record.

Flutura Saiti moved unsuccessfully to vacate the default judgment in January 2015. The court denied the motion, finding Flutura Saiti accepted personal service of the complaint and put forth no evidence of excusable neglect.

Safet Saiti moved to vacate the default judgment in May 2016, two years after its entry. He claimed he was out of state when Flutura Saiti accepted service, that he and Flutura Saiti had been divorced since 2003, although they continued to reside in the same home, and that he had never met or spoken to plaintiff and had "never made any agreement verbally or in writing to pay Plaintiff any sum of money."

Plaintiff opposed the motion, contending Safet Saiti "waited too long" to file it and that she believed both defendants were "attempting to perpetrate a fraud" on the court. Specifically, plaintiff submitted an affidavit in which she claimed that while defendants "may have had a judgment of divorce entered in a New York Court in 2003, they continue to live together as husband and wife." Critically, however, plaintiff made no response to Safet Saiti's allegations that he had never met or spoken to plaintiff and never agreed to pay her any sum of money.

Safet Saiti filed a reply acknowledging that a motion made for reasons (a), (b) and (c) of Rule 4:50-1 must be made within

3

a year of the judgment under Rule 4:50-2, but further noting that a motion made under the catch-all category of Rule 4:50-1(f) need only be made "within a reasonable time" pursuant to Rule 4:50-2. He argued the judgment against him should be vacated because plaintiff's complaint against him was without any legal basis.

The same judge who entered the default judgment in 2014, and denied Flutura Saiti's motion to vacate the default judgment in 2015, likewise denied Safet Saiti's application. In a written statement of reasons accompanying the order, the judge found Safet Saiti had not shown "any mistake, inadvertence, surprise, excusable neglect or any other reason that would allow for this motion to be considered by this court" and that the application was "made two years after the judgment."

We acknowledge that service on Safet Saiti was proper under Rule 4:4-4(a)(1), and that he failed to put forth any proof of excusable neglect. But the complaint upon which default judgment was entered appears on its face to preclude liability against Safet Saiti. The I.O.U. attached to the complaint refers only to Flutura Saiti and plaintiff does not claim in her brief on appeal that she loaned money to Safet Saiti or that he signed the note on which she sued. Instead, she points to the count of her complaint saying both defendants promised "on or

about August 10, 2013 and at times prior thereto" to use their best efforts to repay the debt. According to plaintiff's complaint, those representations came after the loan. The note, which was signed on August 10, 2013, only memorialized the loan made in 2012. Of course, a representation by one to use his best efforts to pay a debt he does not owe does not make him liable for it, absent some consideration plaintiff has not alleged in the complaint. See Great Falls Bank v. Pardo, 263 N.J. Super. 388, 401 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994).

Because the allegations of the complaint appear insufficient to establish liability against Safet Saiti, default judgment against him may have been improvidently granted. See Douglas v. Harris, 35 N.J. 270, 276-77 (1961); Heimbach v. Mueller, 229 N.J. Super. 17, 23 (App. Div. 1988); Pressler & Verniero, Current N.J. Court Rules, comment 2.2.2. on R. 4:43-2 (2017). Under these circumstances, instead of denying the motion, the court should have considered whether there were just terms upon which relief from the judgment should have been allowed. See ATFH Real Prop., LLC v. Winberry Realty P'ship, 417 N.J. Super. 518, 527-28 (App. Div. 2010). Failure to do so was a mistaken application of discretion. See US Bank Nat'l

<u>Ass'n v. Guillaume</u>, 209 <u>N.J.</u> 449, 467 (2012), <u>certif. denied</u>, 208 <u>N.J.</u> 337 (2011).

In our view, the provision of <u>Rule</u> 4:50-1 permitting relief from a final judgment "upon such terms as are just" is designed for cases such as this. Although plaintiff has not put forth a prima facie case against Safet Saiti, she has no doubt incurred costs and been inconvenienced by his failure to have responded to the complaint. The court can accordingly consider such in imposing terms designed to relieve plaintiff of any prejudice attending the vacation of a default judgment improvidently entered. <u>See</u> <u>Reg'l Constr. Corp. v. Ray</u>, 364 <u>N.J. Super.</u> 534, 543 (App. Div. 2003).

We are to construe our Rules "to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." <u>R.</u> 1:1-2(a). Doing so here compels us to vacate the order under review and remand for reconsideration of whether Safet Saiti should be relieved of the default judgment "upon such terms as are just." <u>R.</u> 4:50-1.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5174-15T1