**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1559-23

P.R.,

    Plaintiff-Respondent,

v.

M.S.K.,

    Defendant-Appellant.

_____

Submitted April 28, 2025 – Decided October 7, 2025

Before Judges Gummer and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-2190-20.

M.S.K., appellant pro se.

Hill Wallack, LLP, attorneys for respondent (Megha R. Thakkar, on the brief).

The opinion of the court was delivered by

GUMMER, J.A.D.

Defendant M.S.K. appeals from an order denying his motion to vacate a judgment of divorce entered after defendant had failed to appear at trial.[1] Because defendant did not meet the standards to vacate a judgment under Rule 4:50-1 or otherwise demonstrate the court lacked jurisdiction or had violated his due-process rights, we affirm.

I.

The parties were married in 2001. They had two children during their marriage, one born in 2004 and one in 2009. On June 18, 2020, while both parties were residing in New Jersey, plaintiff P.R. filed a complaint for divorce in the Superior Court of New Jersey. She alleged irreconcilable differences and that she had suffered emotional and physical abuse by defendant throughout their marriage.

On July 3, 2020, defendant, through counsel, signed and filed with the court an acknowledgement of service of the summons and complaint. On August 6, 2020, defendant filed an answer to the complaint, admitting he was a resident of New Jersey and that the marital residence was in New Jersey and

___

[1] Consistent with Rule 1:38-3(d)(10), we refer to the parties by their initials because we include in this opinion information regarding a domestic-violence case involving the parties.

denying plaintiff's claims of irreconcilable differences and abuse. He also requested in the answer an "appropriate" parenting time arrangement pursuant to N.J.S.A. 9:2-4, an equal distribution of property under N.J.S.A. 2A:34-23.1, and injunctions to prevent plaintiff from dissipating assets.

In response to plaintiff's motion for pendente lite relief, defendant on October 15, 2020, opposed the motion and cross-moved for relief concerning parenting-time, custody, and financial issues. After the court entered an order on December 8, 2020, defendant moved to vacate the order and for additional relief regarding parenting time.

On March 9, 2021, the court entered an order freezing the parties' retirement accounts and a trust created by defendant and prohibiting the transfer of assets out of the country. The court also ordered defendant to provide information and documentation about the trust. On April 15, 2021, the court ordered the parties to participate in an early settlement panel program and a case management conference on May 4, 2021, and scheduled the trial to take place on July 19, 2021. In emails sent in July, the court notified the parties it was rescheduling the start date of the trial, ultimately to August 24, 2021. Defendant was living in India at that time, and the court advised him he could participate in the trial via Zoom. On July 31, 2021, defendant submitted a certification in

A-1559-23

which he acknowledged he had received "descriptive information . . . concerning complementary dispute alternatives" that were "available to assist [him] in resolving" the matter. On August 19, 2021, plaintiff's counsel emailed the court and defendant, providing copies of plaintiff's trial brief, witness list, and exhibit list and stating the documentation was submitted in anticipation of the August 24 trial. On September 16, 2021, defendant sent the court a response to plaintiff's trial brief in which he addressed plaintiff's claims of abuse and made various demands regarding custody, spousal support, and settlement. In that document, he responded to plaintiff's claims, asked the court to dismiss her statements, requested various forms of relief, and stated he did not want to participate in the "NJ Family Court system" and wanted "to settle [the matter] as quickly as possible." He referenced but did not attach a February 2021 "Order of Injunction against [p]laintiff from proceeding in the US matrimonial case" and complained that plaintiff had been "ignoring the Indian Court order." On that day, defendant also sent an email to plaintiff's counsel, confirming he had received an email from her regarding scheduling the continuation of the trial.

The trial was held on August 24, September 14, and September 20, 2021. Although he had been sent emails of the trial dates and a Zoom link to the proceedings, defendant did not participate in the trial.

4

On January 31, 2022, the court entered a judgment of divorce and a sixty-eight-page opinion. After awarding plaintiff counsel fees in a May 2, 2022 order, the court entered an amended judgment on May 3, 2022, incorporating the terms and conditions of the January 31 opinion. The court entered a second amended judgment on May 31, 2022. According to plaintiff, the court entered that amended judgment to correct a clerical error.

In the January 31, 2022 opinion, the court found defendant had "elected not to participate in the trial, despite notice and the sending of Zoom links to his known email address so as to permit him to participate from India." It concluded "[d]efendant was well aware of the trial," citing the Zoom link sent to him and his submission of a response to plaintiff's trial brief, "an action which indicated to the [c]ourt that not only had [d]efendant received [p]laintiff's trial brief, but that he also was aware that the trial was taking place." The court had "no doubt that [defendant] was well aware of the trial as he communicated with [c]hambers at various points both prior to and during the trial. Zoom links were sent to his known email address – an address with which he communicated with the [c]ourt." Despite defendant's nonappearance, the court "considered the factual and legal allegations of [d]efendant's trial brief."

A-1559-23

The court held jurisdiction was "proper in New Jersey and venue [wa]s proper in Middlesex County." The court acknowledged the proceedings in India, finding:

> In addition to not participating in this litigation after submitting to jurisdiction, [d]efendant instituted simultaneous litigation in India based on a cause of action for a restitution of conjugal rights. Defendant sought that [p]laintiff resume residing with him as husband and wife, notwithstanding the fact that [p]laintiff had sought and obtained a Final Restraining Order against [d]efendant based on significant abuse. In the India action, [d]efendant also sought to enjoin [p]laintiff from proceeding with the litigation in New Jersey, despite the fact that he submitted to jurisdiction, and despite the fact that the parties resided in the United States during the marriage, the children were born in the United States, and the family lived in New Jersey before the commencement of litigation.

In a certification of service, plaintiff's counsel certified that on February 7, 2022, she had served on defendant by United States Postal Service registered mail, return receipt for international mail, and ordinary mail copies of the January 31, 2022 judgment and opinion. Counsel also certified she had received the return receipt of international mail on March 16, 2022, which was "signed as received at [d]efendant's address on February 19, 2022."

On April 25, 2022, defendant sent a letter to the court, asking the court to dismiss the complaint based on his assertion the court lacked jurisdiction. In an

6

April 28, 2022 email, the court advised defendant it would not consider his letter unless he copied plaintiff's counsel on his emails to the court and submitted the letter on the JEDS filing system. Defendant responded to that email on April 29, 2022. The court advised him that day it would hear his submission as a motion for reconsideration on May 27, 2022. On May 4, 2022, defendant sent another letter to the court, which he described as a "Notice of Rescission." In that letter, he confirmed he had received by email the May 3, 2022 amended judgment, advised the court he was "reject[ing]" it, and again asserted the court lacked jurisdiction. He set forth in that letter his email address – the same address the court and plaintiff's counsel had used to communicate with him. The court also treated that submission as a reconsideration motion. Plaintiff opposed defendant's reconsideration applications.

On June 3, 2022, the court entered an order and statement of reasons denying defendant's applications, finding he had not submitted them timely pursuant to Rule 4:49-2 and had not met the standard for reconsideration. Citing defendant's answer to the complaint and subsequent filings, the court also found the applications substantively without merit because defendant had repeatedly submitted to the court's jurisdiction.

On October 18, 2023, defendant moved to vacate the final judgment of divorce, pursuant to Rule 4:50-1(d) and (f), based on his assertion the judgment was void because the court lacked in personam jurisdiction. He claimed the court had violated his due-process rights by entering a judgment when plaintiff had not properly served him with the summons and complaint pursuant to Rule 4:4-3 and Rule 4:4-4. Defendant also sought vacation of "all child support orders," the refund of "any monies unlawfully and illegally paid to the child support enforcement agency," and the restoration of "passport services owed to [him]." In support of the motion, defendant submitted an affidavit, in which he certified he "never received proper notice nor service of court summons and complaint for hearing held on the 31st day of January, 2022, and there is no evidence to the contrary."

Plaintiff opposed the motion and cross-moved for an order finding defendant in violation of litigant's rights for failing to abide by the May 31, 2022 amended judgment and to pay the counsel fees awarded to plaintiff in the June 3, 2022 order. In reply, defendant asserted he was never served with "a summons of the trial court proceeding" or notice of the purported January 31,

2022 proceeding,[2] or the August 24, September 14, or September 20, 2021 trial dates. In support of those assertions, defendant submitted an affidavit in which he certified he "never received proper notice nor service of court summons and complaint for hearing held on August 24, 2021, September 14, 2021, September 20, 2021, or January 31, 2022, and there is no evidence to the contrary." He argued the court lacked subject matter or personal jurisdiction and attached documents from the court proceedings in India.

On January 9, 2024, the court entered an order denying defendant's motion and granting in part and denying in part plaintiff's cross motion.[3] In the attached statement of reasons, the court rejected defendant's due-process argument, referencing the findings it had made in the January 31, 2022 opinion regarding the issue of service and again finding defendant had been properly served with the summons and complaint and was aware of the hearing dates.

Defendant appeals from the January 9, 2024 order, arguing, among other things, the court erred in entering the judgment when he had not received the summons, violated his due-process rights in failing to give him notice of

---

[2] The record does not reflect a proceeding took place on January 31, 2022, only that the court issued the judgment and opinion that day.

[3] The order is dated January 5, 2024, but was entered on January 9, 2024.

hearings, denied him a fair trial by restricting his participation in it, and lacked subject matter jurisdiction given the injunction order issued in India. Unpersuaded by those arguments, we affirm.

## II.

Our review of a Family Part judge's findings is limited. Gormley v. Gormley, 462 N.J. Super. 433, 442 (App. Div. 2019). Although we review de novo issues of law, we "afford substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters." W.M. v. D.G., 467 N.J. Super. 216, 229 (App. Div. 2021) (citing Cesare v. Cesare, 154 N.J. 394, 413 (1998)). "Under that deferential standard of review, we are bound to uphold a finding that is supported by sufficient credible evidence in the record." Moynihan v. Lynch, 250 N.J. 60, 90 (2022). "We will reverse only if we find the judge clearly abused his or her discretion." Clark v. Clark, 429 N.J. Super. 61, 72 (App. Div. 2012).

Rule 4:50-1 gives the court the ability to "relieve a party . . . from a final judgment or order . . . " when certain conditions are satisfied. R. 4:50-1. Rule 4:50-1 "is a carefully crafted vehicle intended to underscore the need for repose while achieving a just result." D.M.C. v. K.H.G., 471 N.J. Super. 10, 26 (App. Div. 2022) (quoting DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 261 (2009)).

The rule specifies narrow "triggering events that will warrant relief from judgment if justice is to be served," and the substance of the judgment can be challenged only when one of these events is present.  Ibid. (quoting DEG, 198 N.J. at 261-62).

Defendant relied on sections (d) and (f) of Rule 4:50-1 in his motion to vacate.  Section (d) allows a court to grant relief if "the judgment or order is void[,]" and section (f) of the Rule serves as a catch-all provision, allowing relief to be granted for "any other reason justifying relief from the operation of the judgment or order."  R. 4:50-1(d), (f).  To seek relief under the broad provisions of Rule 4:50-1(f), "[a] movant must show that the enforcement of the judgment 'would be unjust, oppressive or inequitable.'"  D.M.C., 471 N.J. Super. at 26 (quoting Eaton v. Grau, 368 N.J. Super. 215, 222 (App. Div. 2004)).

This court reviews a Rule 4:50-1 motion for an abuse of discretion.  D.M.C., 471 N.J. Super. at 27.  "An abuse of discretion exists 'when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'"  Ibid. (quoting U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012)) (internal quotation marks omitted).  Perceiving no legal error or abuse of discretion in the court's denial of defendant's motion to vacate, we affirm the January 9, 2024 order.

11

Due process rests on the premise that a defendant was provided with notice of a lawsuit and an opportunity to be heard. Franzblau Dratch, PC v. Martin, 452 N.J. Super. 486, 492 (App. Div. 2017). That requirement is satisfied when the defendant is properly served with a summons and complaint. Ibid. Service by mail is "effective for obtaining in personam jurisdiction . . . If the defendant answers the complaint or otherwise appears in response thereto." R. 4:4-4(c); see also ATFH Real Prop. LLC v. Winberry Realty P'ship, 417 N.J. Super. 518, 524 (App. Div. 2010) (finding service by mail "is sufficient when an answer is filed or when the party challenging service 'appears' in the action"); N.J.S.A. 2A:34-11 (providing in divorce action, jurisdiction over the defendant "for all purposes of the action shall be fully established by the filing of an acknowledgment of service of process, or of an appearance, or of an answer by the defendant pro se or on his behalf by a duly authorized attorney . . . .").

The court's conclusion defendant was served with the summons and complaint was supported legally and by sufficient credible evidence in the record. Defendant's attorney acknowledged service of the summons and complaint; defendant answered the complaint, sought affirmative relief in the answer, repeatedly responded to plaintiff's motions, and cross-moved for other relief. On that record, we perceive no violation of defendant's due-process rights

A-1559-23

and no error or abuse of discretion in the court's findings concerning service of process.

N.J.S.A. 2A:34-10 provides:

> Jurisdiction in actions for divorce . . . may be acquired when process is served upon the defendant as prescribed by the rules of the Supreme Court, and
>
> 1. When, at the time the cause of action arose, either party was a bona fide resident of this State, and has continued so to be down to the time of the commencement of the action; except that no action for absolute divorce or dissolution of a civil union shall be commenced for any cause other than adultery, unless one of the parties has been for the 1 year next preceding the commencement of the action a bona fide resident of this State . . . .
>
> [Ibid.]

See also N.J.S.A. 2A:34-8 (providing Superior Court has jurisdiction in a divorce action "when either party is a bona fide resident of this State" and "when the defendant is subject to the personal jurisdiction of the court, is a resident of this State, or has tangible or intangible real or personal property within the jurisdiction of the court . . . ."); N.J.S.A. 2A:34-65 (providing court has jurisdiction to make initial child-custody determinations if "this State is the home state of the child on the date of commencement of the proceeding . . . ."); Innes v. Carrascosa, 391 N.J. Super. 453, 481-83 (App. Div. 2007) (finding court

had jurisdiction when one spouse was a resident of New Jersey at the time the complaint was filed and continued to reside in New Jersey; the other spouse was a resident of New Jersey when the complaint was filed, had been served with the complaint, and held real property in the state, and the parties' child had resided in the state). The trial court had subject-matter jurisdiction over this case given that both parties and their children resided in New Jersey when plaintiff filed the complaint, plaintiff continued to live in New Jersey, defendant's counsel acknowledged service of the summons and complaint, and the parties owned real property, the marital residence, located in New Jersey.

Neither defendant's initiation of proceedings in India after plaintiff filed the complaint in this matter nor the Indian court's February 2021 order, a copy of which defendant did not submit to the trial court until he moved to vacate the final judgment of divorce more than sixteen months after it was entered deprived the court of its jurisdiction. "New Jersey has long adhered to the 'general rule that the court which first acquires jurisdiction has precedence in the absence of special equities.'" Platkin v. Smith & Wesson Sales Co., Inc., 474 N.J. Super. 476, 487 (App. Div. 2023) (quoting Sensient Colors, Inc. v. Allstate Ins. Co., 193 N.J. 373, 386 (2008)); see also Sensient, 193 N.J. at 387 (finding "any comity analysis should begin with a presumption in favor of the earlier-filed

action").  In <u>Sensient</u>, 193 N.J. at 387-89, the Court identified "special equities" that might "lead a court to disregard the traditional deference paid to the first-filed action . . . ."  <u>Id.</u> at 387.  None of them apply here.  Given that the trial court acquired jurisdiction when plaintiff filed the complaint in this action and the absence of any special equities that could deprive the court of its jurisdiction, the trial court did not err or abuse its discretion in determining the Indian proceedings did not render the trial court's judgment void under <u>Rule</u> 4:50-1(d).

Finally, we perceive no error or abuse of discretion in the court's determination defendant had not established entitlement to vacation of the judgment under <u>Rule</u> 4:50-1(f).  The court's rejection of defendant's contention he had not received notice of the trial proceedings is supported by substantial credible evidence in the record, including his response to plaintiff's trial brief, emails sent to defendant at an email address he recognized as his own in his May 4, 2022 letter to the court, and his responses to those emails.

To the extent we have not expressly addressed any other arguments made by the parties, we have considered them and find they are without sufficient merit to warrant discussion in this opinion.  <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1559-23