62 N.J. Super. 208 (1960)
162 A.2d 587
J.B. THOMPSON, PLAINTIFF-RESPONDENT,
v.
ESTHER BRESLOVE AND ALBERT BRESLOVE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued June 14, 1960.
Decided June 28, 1960.
*209 Before Judges PRICE, GAULKIN and FOLEY.
Mr. Murray Laiks argued the cause for defendants-appellants (Messrs. Heller & Laiks, attorneys; Mr. Richard Heller, of counsel).
*210 Mr. Sol Rosenberg argued the cause for plaintiff-respondent (Mr. Harvey Goldberg, of counsel).
The opinion of the court was delivered by FOLEY, J.A.D.
This is an appeal from a judgment entered in favor of the plaintiff in the Bergen County District Court. The case was tried without a jury.
Defendants were officers of Jersey Excavating Co., a corporation (hereinafter referred to as the Company), against which the plaintiff had previously recovered a judgment. In aid of execution of that judgment a constable served what purported to be a "Notice of Demand" under N.J.S. 2A:17-74 and N.J.S. 2A:17-75 upon the defendants. The statutory provisions are as follows:
"Every agent or person having charge or control of any property of a corporation shall, upon request therefor by any officer having for service a writ of execution against it, furnish to such officer the names of the directors and officers of the corporation, and a schedule of all its property, including debts due or to become due to it so far as he has knowledge thereof.
Any such agent or person who shall neglect or refuse to comply with the provisions of this section shall himself be liable to pay to the execution creditor the amount due on the execution, with costs." N.J.S. 2A:17-74
"If any officer, holding an execution against a corporation, shall be unable to find other property belonging to the corporation liable to execution, either he or the judgment creditor may elect to satisfy such execution, in whole or in part, by any debts due to the corporation, in which case the agent or person having custody of any evidence of such debts shall deliver the same to the officer holding the execution, for the use of the creditor. Such a delivery, with a transfer in writing to the officer, for the use of the creditor, and notice to the debtor, shall be a valid assignment thereof.
Any such agent or person who neglects or refuses to comply with the provisions of this section shall himself be liable to pay to the execution creditor the amount due upon the execution with costs." N.J.S. 2A:17-75
The demand which was served reads:
"DEMAND is hereby made by the undersigned, an officer of the Court, having for service a Writ of Execution against the defendant *211 in the above entitled cause, that you furnish to me a list of the names of the directors and officers of the defendant corporation, and a schedule of all its property including debts due or to become due to it insofar as you have knowledge thereof.
DEMAND is further made of you that you deliver to me, with a transfer in writing, for the use of the plaintiff in the above entitled cause, all of the debts due and owing to the defendant corporation.
This demand is made in accordance with the Revised Statutes of New Jersey 2A:17-74 and 2A:17-75.
TAKE NOTICE, that unless you comply with the above demands, suit may be instituted against you personally for the amount due the plaintiff in the above entitled cause upon the execution, with costs.
 Dated: Arthur F. Hoffman /s/
 August 26, 1957 Constable"
In response to the demand defendants furnished (a) a statement of the names of the officers and directors of the company which listed Albert Breslove as president and Esther Breslove as secretary and both as directors; (b) a list of the company's accounts receivable naming the respective debtors and the amounts due and owing, together with a statement indicating that all the aforesaid accounts had been placed in the hands of the company's attorneys for collection with instructions that the proceeds thereof be applied to the satisfaction of judgments against the company; and (c) an assignment to the constable of the accounts receivable subject to any fees due said attorneys for services rendered in the collections.
Thereafter plaintiff brought this action to fasten personal liability upon defendants alleging in his complaint that the defendants failed to comply with plaintiff's demand in that they failed to deliver to the constable "a list of the names of the directors and officers"; "a list of debts due or to become due" the company; or "a transfer in writing of all debts" in violation of N.J.S. 2A:17-74 and N.J.S. 2A:17-75.
The trial court held that while defendants substantially complied with N.J.S. 2A:17-74, they failed to comply with N.J.S. 2A:17-75 in the respects that "the assignment *212 was conditional by reason of its being subject to any monies due Heller and Laiks by virtue of their attorneys' lien" and that "there was no compliance since the books of the corporation were not delivered to the Constable."
We disagree. This statute is penal in character and requires strict construction in order that its burden be imposed only where there is manifest noncompliance. These defendants were required to furnish only the information and data specifically set forth in the demand. They were asked to furnish a list of their accounts receivable and did so. They were not requested to furnish evidence of these debts (although the furnishing of such evidence is a proper subject of demand under the statute) and hence were under no duty to do so. Plaintiff's argument to the contrary based upon the statement in the demand that it was made pursuant to N.J.S. 2A:17-74 and N.J.S. 2A:17-75, is patently untenable. A layman receiving a demand such as this cannot be expected to peruse statutes to ascertain what is expected of him. Indeed it is likely that few would know what N.J.S. 2A:17-75 is, let alone where to find it, and the mere fact that fortuitously the layman is represented by an attorney does not create an obligation to ascertain his statutory obligations with respect to the demand. Moreover, "neglects or refuses" in the context in which these words appear in N.J.S. 2A:17-75, connotes not mere failure or omission but a willful failure to discharge, or a reckless indifference to, a known obligation. Cf. Frank Rizzo, Inc. v. Alatsas, 27 N.J. 400, 405 (1958); Portage Shoe Mfg. Co. v. Reich, 53 N.J. Super. 600, 605 (App. Div. 1959). Thus the burden falls upon the server of the demand to make known in express terms the obligation he seeks to impose upon the recipient.
Equally unimpressive is the holding that the assignment was "conditional" because it was made subject to the attorneys' lien for services. Obviously an assignor can give no more than he has. If liens for services attached to the proceeds of the accounts, the assigned interest would of *213 necessity be diminished pro tanto whether or not the assignment contained reference to the liens.
Reversed with the direction that judgment be entered in favor of the defendants.