231 N.J. Super. 527 (1989)
555 A.2d 1165
ARROW MANUFACTURING COMPANY, INC., PLAINTIFF-RESPONDENT,
v.
GERALD LEVINSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 18, 1989.
Decided March 14, 1989.
*528 Before Judges PRESSLER, O'BRIEN and SCALERA.
Warren B. Kahn, attorney for appellant.
Nashel & Nashel, attorneys for respondent (Richard B. Nashel, on the brief).
The opinion of the court was delivered by O'BRIEN, J.A.D.
Defendant Gerald Levinson (Levinson) appeals from the denial of his motion to set aside a default judgment against him pursuant to R. 4:50-1. We reverse.
On May 21, 1986, the Clerk of the Superior Court, pursuant to R. 4:43-2(a), entered a final judgment by default under Docket No. J-12035-86 in favor of plaintiff against Pocket Pick Products, Inc. (Pocket Pick) in the sum of $34,107.52 plus interest, or a total of $34,578.34. A writ of execution was issued on July 30, 1986, which was returned unsatisfied. Plaintiff's counsel prepared an instrument called a "Notice of Demand" dated August 1, 1986 which reads as follows:

*529 DEMAND is hereby made by the undersigned, attorney for plaintiff, that you furnish to me a list of the names of the directors and officers of the defendant corporation, and a schedule of all its property including debts due or to become due to it insofar as you have knowledge thereof, evidence of such debts, statements of whether such debts are subject to liens, and if so who is the lienor and to what amount, and the date such lien was made.
DEMAND is further made of you that you deliver to me, with a transfer in writing, for the use of the plaintiff in the above entitled cause, all of the debts due and owing to the defendant corporation.
This demand is made in accordance with the Revised Statutes of New Jersey, 2A:17-74 and 2A:17-75.
TAKE NOTICE, that unless you comply with the above demands suit may be instituted against you personally for the amount due the plaintiff in the above entitled cause upon the execution, with costs.
The return filed by the deputy sheriff states that on September 20, 1986 he served a copy of this notice of demand on defendant, Pocket Pick, located at 27 Hardenberg Avenue, Demarest, New Jersey, by serving "John Doe," first and last name being fictitious.
On March 2, 1987, plaintiff obtained an order granting it leave to serve a notice of demand under N.J.S.A. 2A:17-74 and -75 upon Levinson, principal of Pocket Pick, pursuant to R. 4:4-4(e). In the interim, the sheriff had been attempting to levy on business assets of Pocket Pick on several occasions during the months of November and December 1986.
By letter of February 13, 1987, Warren B. Kahn, attorney for Pocket Pick, wrote to plaintiff's attorney advising that Pocket Pick was bankrupt with no remaining assets and had completely ceased operations. He requested that any further correspondence or further pleadings be sent to him as registered agent for the corporation. This was followed by another letter from Kahn to plaintiff's attorney dated April 10, 1987, containing the same information.
On May 22, 1987, plaintiff filed a complaint under Docket No. L-34775-87 against Levinson, alleging that Levinson had been served with a notice of demand pursuant to N.J.S.A. 2:17-74 and -75 and had not complied with the statute and seeking judgment in the sum of $34,707.94 plus interest and costs. We *530 assume the allegation of service of a notice of demand was by virtue of the order for substituted service dated March 2, 1987, although the copy of the notice of demand supplied to us is dated August 1, 1986 and not addressed to anyone. Since the attempt to serve the summons and complaint upon Levinson on June 13, 1987 was unsuccessful, plaintiff obtained another order on July 10, 1987, permitting it to serve the summons and complaint on defendant by substituted service under R. 4:4-4(e), by certified mail, return receipt requested, and by ordinary mail.
According to the affidavit of a secretary in the office of plaintiff's attorney, she received a telephone call from a woman who identified herself as a paralegal in the office of Warren B. Kahn, the attorney for both Pocket Pick and Levinson, requesting that plaintiff not enter a default against Levinson. She further states that she received no further communication until she received a letter dated February 23, 1988 from Mr. Kahn. She further certified that she was advised by the Secretary of State that Pocket Pick was a corporation in good standing and its registered agent was Warren B. Kahn and its registered office was located at 1244 Anderson Avenue, Fort Lee, New Jersey. Apparently this was the address of Mr. Kahn's office in 1987, although his letter of February 23, 1988, enclosing a consent order to extend the time to file a responsive answer on behalf of Levinson, lists his address as 150 River Road, Montville, New Jersey.
A secretary in the office of Warren B. Kahn states in her affidavit that on November 10, 1987 she spoke with plaintiff's attorney's secretary to advise of the intention of Pocket Pick to file an answer to the complaint filed against it. She says she was advised that a demand notice had been served on Levinson on August 1, 1986 and that a complaint was served on him on July 20, 1987 for failure to comply with the terms of the demand notice. She stated that she requested a copy of the demand notice and that plaintiff's attorney contact Kahn's office to discuss the matter. She further states that in the *531 discussion she advised plaintiff's attorney's secretary there was a meritorious defense to the suit. She claims there was no response to several messages she left thereafter. Lastly she states that on February 4, 1988 she again called the attorney's office and was advised by the secretary that the attorney was unavailable to speak to her, but that as of January 13, 1988, plaintiff had obtained a judgment against Levinson in the amount of $39,261.52 including interest.
Actually, the judgment by default was entered by the Clerk of the Superior Court against Levinson under Docket No. L-34775-87 (J-13213-88) on February 16, 1988 in the amount of $39,261.52 plus interest. By letter of March 4, 1988, plaintiff's attorney informed Kahn he had no intention of signing a consent order and had entered Levinson's default. On March 11, 1988, Levinson moved to vacate the default judgment against him supported by the affidavit of Warren Kahn.
Various affidavits were filed by the parties and the oral argument was heard by the motion judge on April 15, 1988, at the conclusion of which the judge denied the motion, saying:
I'm satisfied after having read the moving papers in this matter and all the responses which have gone back and forth, and really a lack of any explanation in any certification by the defendant Mr. Levinson in this matter, that the court is just not going to help him with his problem.
I accept the fact, because it's uncontradicted, that he did everything necessary to evade process, and when he was finally, to use Mr. Nashel's words, nailed, he now comes to the court and says now help me. The court will not help him.
I will not vacate this judgment which has now been entered against him. The default, rather, which has now been entered against him.
I have heard nothing by way of any explanation which would fit within the parameters of the rules which set forth the guidelines for the court and counsel to consider in such an action.
This was implemented by an order dated April 26, 1988 denying Levinson's motion to vacate judgment No. J-13213-88 "for the reasons set forth on the record April 15, 1988." Levinson again moved to set aside the default judgment on May 9, 1988, supported by a memorandum and affidavit, which was denied by order of June 2, 1988 for reasons set forth on the record on April 15, 1988. Levinson appeals and we now reverse.
*532 Levinson seeks a review of the trial judge's decision on April 15, 1988, implemented by his order of April 26, 1988, denying his motion to vacate the default judgment against him, which order was reaffirmed by order of June 2, 1988 on Levinson's motion for reconsideration.[1]
The judgment from which Levinson seeks relief under R. 4:50-1 is against him individually on a complaint alleging that he was served with a notice of demand pursuant to N.J.S.A. 2A:17-74 and -75, and that he failed to comply with the statute. It is not a motion by Pocket Pick for relief from the default judgment entered against it. The affidavit of Levinson filed April 11, 1988 states that he was one of the stockholders and an officer of Pocket Pick which became insolvent and ceased operations in October 1986. After explaining the relationship between plaintiff and Pocket Pick, Levinson states that plaintiff is in possession of the sole remaining asset of Pocket Pick. His meritorious defense to the suit against him (not against Pocket Pick) was that he "never believed that [he] had any duty legal or otherwise to respond to the demand notice." He states that he did not willfully or intentionally fail to comply with the terms of the demand notice. In his decision, the trial judge understandably was upset by Levinson's various attempts to evade service of process upon Pocket Pick and of the demand notice and summons and complaint upon him. However, this did not address the issue at hand.
*533 Nothing has been presented before us that the demand notice was even addressed to Levinson. The copy contained in the appendix, purporting to be that demand notice, is dated August 1, 1986, to which is attached the sheriff's return of service of that notice upon Pocket Pick. According to the affidavits of the secretaries of the attorneys for the respective parties, after Levinson was served with the complaint, and perhaps the demand notice, the attorney for Levinson, through his secretary, asked that a copy be sent to Levinson's attorney and that no default be entered against him. In that conversation, according to Levinson's attorney's secretary, plaintiff's attorney's secretary was advised of the insolvency of the corporation. More importantly, we have held that N.J.S.A. 2A:17-74 and -75 is penal in character and requires strict construction in order that its burden be imposed only where there is manifest noncompliance. See Thompson v. Breslove, 62 N.J. Super. 208, 212 (App.Div. 1960). In that opinion we further stated that a layman receiving a demand such as this cannot be expected to peruse the statutes to ascertain what is expected of him. Ibid. Further, we said:
Indeed it is likely that few would know what N.J.S. 2A:17-75 is, let alone where to find it, and the mere fact that fortuitously the layman is represented by an attorney does not create an obligation to ascertain his statutory obligations with respect to the demand. Moreover, `neglects or refuses' in the context in which these words appear in N.J.S. 2A:17-75, connotes not mere failure or omission but a willful failure to discharge, or a reckless indifference to, a known obligation. Thus the burden falls upon the server of the demand to make known in express terms the obligation he seeks to impose upon the recipient. [Ibid.] [Citations omitted.]
Furthermore, the letters from Levinson's attorney to plaintiff's attorney reflect knowledge on the part of plaintiff's attorney of Levinson's willingness, through his attorney, to supply such information as plaintiff may require in connection with its levy on the corporation. The effect of the judgment entered against Levinson for failure to comply with the demand notice is to pierce the corporate veil and impose personal liability for a corporate debt. We conclude that more is required *534 to be shown to impose such an obligation than was shown in this case, particularly when entered by default.[2]
Generally, a motion to vacate a default judgment should be viewed with "great liberality, and every reasonable ground for indulgence [should be] tolerated to the end that a just result is achieved." Marder v. Realty Construction Co., 84 N.J. Super. 313, 319 (App.Div.), aff'd 43 N.J. 508 (1964). While such applications are addressed to the sound discretion of the court any doubt should be resolved in favor of the applicant. Foster v. New Albany Machine and Tool Co., 63 N.J. Super. 262, 269-270 (App.Div. 1960). Nevertheless, a default judgment will not be disturbed unless the failure to answer or defend was excusable under the circumstances. Marder, 84 N.J. Super. at 318; Court Investment Co. v. Perillo, 48 N.J. 334, 340-341 (1966).
Relief from a judgment is governed by R. 4:50-1 which provides in pertinent part:
On motion, with briefs, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; ... (f) any other reason justifying relief from the operation of the judgment or order.
Levinson was entitled to relief under R. 4:50-1(a) and (f) under the circumstance in this case, notwithstanding his admitted deliberate evasion of service of process upon the corporation and him. While the devious tactics of Levinson may have been the genesis of the ultimate default judgment entered against him, the sanction of piercing the corporate veil and entering a judgment against him individually for the corporate debt was far too severe for that conduct. However, we conclude that appropriate sanctions may be levied under all of the circumstances.
*535 Accordingly, the matter is reversed and remanded for the entry of an order setting aside the default judgment against defendant on such terms and conditions as the trial judge finds to be appropriate in respect of Levinson's evasive conduct in avoiding service of process.
NOTES
[1] Although not labeled as such, we assume that Levinson's motion "to vacate order of April 15, 1988" and to restore the case to the active trial list was a motion for reconsideration of the judge's order of April 26, 1988 denying the motion to set aside the default judgment. A motion for reconsideration is proper under R. 4:49-2, although it is required to be served not later than ten days after the entry of the judgment or order. Levinson's motion was filed on May 13, 1988, 17 days after entry of the order. Although untimely, the trial judge elected to determine the motion on the merits and plaintiff has not urged its untimeliness. Levinson's appeal from the order of June 2, 1988 was timely filed on June 27, 1988.
[2] We question the propriety of the entry of a final judgment by default by the Clerk pursuant to R. 4:43-2 in a complaint charging a defendant with failure to comply with a demand notice under this statute which requires a willful failure or a reckless indifference to a known obligation.