**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2524-17T2

THE SEVILLE CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff-Respondent,

v.

LINDA KEY-KANUTEH,

    Defendant-Appellant.

_____

Submitted January 14, 2019 – Decided February 8, 2019

Before Judges Haas and Mitterhoff.

On appeal from Superior Court of New Jersey, Law Division, Union County, Docket No. DC-008581-17.

Linda Key-Kanuteh, appellant pro se.

Stark & Stark, PC, attorneys for respondent (Tana Bucca, of counsel and on the brief; Bianca A. Roberto, on the brief).

PER CURIAM

Defendant Linda Key-Kanuteh, pro se, appeals the trial court's denial of her motion to vacate an attorney's fee award. The trial court awarded attorney's fees and costs to plaintiff Seville Condominium Association ("Association") as the prevailing party in an action to collect defendant's share of a common assessment to repair a leaking roof. Based upon our review of the record and the governing principles of law, we affirm, finding that the trial court did not abuse its discretion in its determination that the fees sought were reasonable. We also find that the trial court did not abuse its discretion in denying defendant's motion to vacate the order awarding attorney's fees.

Defendant owns a unit within the Seville Condominium community. The Seville is a not-for-profit corporation of the State of New Jersey, and pursuant to N.J.S.A. 46:8B-12, is responsible for the care, administration and management of the Seville and its property. The Seville has twenty-eight units, one of which is owned by the defendant. As a unit owner, in accordance with Section 7 of the Association's Master Deed, defendant is responsible for a proportionate share of the common expenses and administrative costs of operating the Association. See also N.J.S.A. 46:8B-17 (defining the responsibility of unit owners for common expenses). The common expenses are

assessed by the Association on an annual basis, but are due and payable to the Association in the form of monthly payments.

In 2016, plaintiff imposed an emergency assessment because a roof, considered part of the common area, was leaking. Generally, pursuant to Section 7 of the Master Deed, Covenant For Maintenance And Capital Improvements, any repair, replacement, or improvement which is not of an emergent nature and which costs more than $5,000 must be approved by two-thirds of the unit owners. As defendant acknowledges, however, Section 7 also provides that "nothing herein shall prohibit or prevent the Board from imposing a lump sum assessment in the case of an immediate need or an emergency" without a vote of the unit owners.[1] Defendant defaulted on her obligations as a unit owner

---

[1] On appeal, defendant argues, as she did at trial, that there was no "emergency" that warranted imposing an assessment without approval of the owners. Because defendant has not appealed the underlying judgment, that issue is not properly before this court. Regardless, the trial court found that because "emergency" was not defined by the By-laws, the Board had the discretionary duty to determine what was or was not an emergency as they saw fit, and that the Board could properly have found the situation to be emergent, given the ongoing and significant leaks from the roofs into several of the units. The court's finding is supported by substantial credible evidence in the record and we see no basis to disturb it. See Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974) ("Findings by the trial judge are considered binding on appeal when supported by adequate, substantial and credible evidence.").

because she failed and refused to make payments for the roof assessment, even after a demand was made by plaintiff. Plaintiff therefore filed the within lawsuit to collect defendant's share of the roof assessment.[2]

Prior to the commencement of the bench trial, Judge James P. Wilson explained that if the parties could not reach a settlement agreement, the prevailing party may be entitled to attorney's fees from the losing party. Notwithstanding Judge Wilson's foreshadowing of the possible consequences of failing to settle, defendant indicated "I want a trial." During the course of the two-day bench trial, defendant and plaintiff's property manager testified, portions of the Master Deed and By-laws were entered into evidence, and relevant provisions of those documents were read into the record.[3]

Plaintiff's property manager testified as to her unsuccessful efforts to collect the assessment from defendant, necessitating a referral of the matter to counsel. After trial, at which defendant was represented by counsel, the court

[2] Defendant filed a counterclaim alleging illegal activity by two board members. The counterclaim was dismissed with prejudice, and defendant has not appealed that determination.

[3] At the conclusion of the trial, Judge Wilson requested a full copy of the Master Deed and By-laws. Although defendant's counsel initially objected, he ultimately consented to the judge reviewing a full copy rather than just the excerpts presented by both parties during the course of trial.

rendered an oral opinion awarding plaintiff $2,109 for the amount owed by defendant, including late fees. Judge Wilson advised plaintiff to submit a certification of services as to the attorney's fees and costs incurred by the Association in pursuing collection. In response, plaintiff filed a submission certifying that its reasonable attorney's fees totaled $10,394.69.

Defendant did not initially oppose plaintiff's application for attorney's fees. After hearing oral argument, Judge Wilson awarded the requested attorney's fees to plaintiff. The trial court found that the attorney's fees were reasonable because "plaintiff's counsel was here on a continuous basis, sometimes all day, from 9:00 in the morning to sometimes 4:00 in the evening." The court further found that the fees were reasonable because both parties filed several motions and made attempts to mediate and settle the matter.

Defendant, despite her initial lack of opposition to plaintiff's application for fees, moved to vacate the award. The trial court denied the motion to vacate the award, and this appeal ensued.

On appeal, defendant makes the following argument:

> THE TRIAL WAS UNFAIR BECAUSE DEFENDANT WAS NOT NOTIFIED OF THE ATTORNEY AMENDED FILING. IT WAS RULED WITH PREJUDICE. THE EVIDENCE WAS BASED ON FALSE STATEMENTS FROM PLAINTIFFS AND ATTORNEY WITHOUT THE JUDGE REVIEWING

5

THE BY-LAWS TO DETERMINE WHETHER
PLAINTIFF STATEMENTS ARE TRUE OR NOT.

Defendant's application to vacate the trial court's order awarding attorney's fees is governed by Rule 4:50-1. "The decision whether to grant [a motion under Rule 4:50-1] is left to the sound discretion of the trial court, and will not be disturbed absent an abuse of discretion." Mancini v. EDS ex rel New Jersey Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993) (citing Court Inv. Co. v. Perillo, 48 N.J. 334, 341 (1966)). "That discretion is a broad one to be exercised according to equitable principles, and the decision reached by the trial court will be accepted by an appellate tribunal in the absence of an abuse of its discretion." Court Inv., 48 N.J. at 341. Doubts regarding whether to grant the motion "should be resolved in favor of the parties seeking relief." Mancini, 132 N.J. at 334 (citing Arrow Mfg. Co. v. Levinson, 231 N.J. Super. 527, 534 (App. Div. 1989)).

Parties may move to vacate

> a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R. 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has

been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

[R. 4:50-1.]

Because defendant's motion to vacate arises in the context of an award of attorney's fees, we are guided by the standard of review applicable to such awards. As in the context of a motion to vacate, we review a trial court's award of attorney's fees for abuse of discretion. Trial courts have "considerable latitude in resolving fee applications[.]" Grow Co. v. Chowski, 424 N.J. Super. 357, 367 (App. Div. 2012). A trial court's determination on the reasonableness of attorney's fees "will be disturbed only on the rarest of occasions, and then only because of a clear abuse of discretion." Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)). "We have intervened, for example, when a trial court's determination 'was not premised upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment.'" Grow Co., 422 N.J. Super. at 367 (quoting Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005)).

7

N.J.S.A. 46:8B-21(a) of New Jersey's Condominium Act provides:

> The association shall have a lien on each unit for any unpaid assessment duly made by the association for a share of common expenses or otherwise, including any other moneys duly owed the association, upon proper notice to the appropriate unit owner, together with interest thereon and, if authorized by the master deed or bylaws, late fees, fines and reasonable attorney's fees[.]

Section 7 of the Master Deed provides that

> Each Common Expense assessment shall be a continuing lien upon the Unit against which it was made and shall also be a joint and several personal obligation of the Owner of such Unit at the time when the Common Expense assessment fell due . . . except as otherwise contemplated by N.J.S.A. 46:8B-21, together with such interest thereon and cost of collection thereof (including reasonable attorney's fees).

The foregoing provisions clearly permitted the trial court to award reasonable attorney's fees to plaintiff as a result of being forced to engage in a protracted litigation to collect defendant's share of the assessment.

Turning to the issue whether defendant established any basis for relief pursuant to Rule 4:50-1, we agree with the trial court's conclusion that there is no factual underpinning for relief under the Rule's subsections (a) (mistake,

inadvertence, surprise or excusable neglect),[4] (b) (newly discovered evidence), (d) (judgment or order is void) or (e) (judgment has been satisfied, discharged or vacated). On appeal, defendant principally argues, as she did at trial, that the fees are fraudulent and unfair.

Rule 4:50-1(c) permits a trial court to vacate a prior order or judgment if there was fraud in the underlying proceeding. Defendant's argument that plaintiff committed fraud because legal fees "are not supposed to go beyond 20%" under Article VI, Section 10 of the Association's By-laws, however, is unfounded. Defendant relies on Section 10, which states:

> In the event that the Board shall effectuate collection of said assessments or charges by resort to counsel, and/or the filing of a lien, the Board may add to the aforesaid assessments or charges a sum or sums of twenty (20%) percent of the gross amount due as counsel fees, plus the reasonable costs for preparation, filing and discharge of the lien, in addition to such other costs as may be allowable by law.

---

[4] At the outset, defendant's argument that she was "surprised" because she was not notified of the attorney's amended filing, namely the attorney's fee certification, is without merit. On December 1, 2017, the Association submitted its attorney's fee certifications via electronic filing at a time when defendant was represented by her trial counsel, who was on the trial court's service list for the underlying action. Accordingly, there was proper and effective service of the fee application.

Contrary to defendant's argument, nothing in Section 10 categorically caps attorney's fees in collection matters at 20%. Moreover, as the trial court found, Article XIII Section 1 of the By-laws states that "if any provision of these [By-laws] is in conflict with or contradiction of the Master Deed, the Certificate of Incorporation or with the requirements of any law, then the requirements of said Master Deed or law shall be deemed controlling." As stated, both the Master Deed and the Condominium Act provide that Association may collect reasonable attorney's fees if it needs to bring an action to collect a unit owner's unpaid assessment portion.[5] Thus, plaintiff did not fraudulently seek attorney's fees in excess of what it was legally entitled to recover, and the trial court correctly refused to vacate the award of attorney's fees pursuant to Rule 4:50-1(c).

Turning to defendant's argument that the award is unfair, we agree with the trial court that defendant's self-serving and unsupported assertions that she is disabled, a veteran, a single mother, and has no money fail to establish a basis for relief under Rule 4:50-1(f). Although the trial court has discretion to afford

---

[5] Moreover, to sustain defendant's position would result in the inequitable result of limiting the fees in this case to $421.80 (20% of $2,109) and leave defendant's fellow unit owners, the vast majority of whom paid the assessment without complaint, to absorb the remaining costs.

10

relief in exceptional circumstances under subsection (f), Baumann v. Marinaro, 95 N.J. 380, 394 (1984), in this case there are no exceptional circumstances warranting relief. In that regard, determining whether "exceptional circumstances" exist requires an evaluation of the specific facts on a case-by-case basis. In re Guardianship of J.N.H., 172 N.J. 440, 474 (2002) (citing Baumann, 95 N.J. at 395.). The party seeking vacation of the final judgment must show that enforcing the judgment "would be unjust, oppressive or inequitable." Johnson v. Johnson, 320 N.J. Super. 371, 378 (App. Div. 1999) (citing Quagliato v. Bodner, 115 N.J. Super. 133, 138 (App. Div. 1971)).

In this case, as the trial court found, it would not be unjust, oppressive or inequitable to uphold the attorney's fee award. The judge found that the length of the litigation was largely engendered by defendant's overconfidence in her position and her extreme animus toward two of the Board members. In that regard, defendant made the unsupported claim that had those two Board members stepped down voluntarily, this case would have been over a lot sooner. That assertion, as the trial judge rightly found, was unconnected to defendant's responsibility to pay her share of the common assessment. In that regard, defendant was fully informed prior to trial that, if unsuccessful, she faced the possibility of having to pay, not only her own, but the Association's attorney's

fees as well. Notwithstanding, defendant insisted that "I want a trial." Defendant's obstreperous and ultimately unsuccessful defense of a case whose full value was $2,109 supported the judge's finding that the fees sought were reasonable.

Moreover, there is no unfairness in upholding the award. Defendant complains that she has expended a great deal of money paying her own attorneys in the defense of the collection matter and the prosecution of her counterclaim against the board members for mismanagement and illegal activity. Defendant apparently has no regard for the fact that, as a consequence of defendant's lengthy and ultimately unsuccessful litigation of the matter, the Association will levy additional assessments. Defendant and the other unit owners, twenty-five of whom paid the assessment without complaint, will now be required to pay additional assessments to cover the Association's legal fees incurred as a result of the litigation. Any hardship defendant now faces is essentially self-created and therefore not a basis to vacate the award pursuant Rule 4:50-1(f).

Accordingly, we find that the trial court did not abuse its discretion in finding that the amount of the fees sought were reasonable. We also find that the trial court did not abuse its discretion in denying defendant's motion to vacate the order awarding attorney's fees.

To the extent we have not specifically addressed any other arguments raised by defendant, we find them without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2524-17T2