**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5289-18T1

SHELIA B. SCHNEIT,

      Plaintiff-Respondent,

v.

BRAD MARQUART,

      Defendant-Appellant.

_____

Submitted August 25, 2020 – Decided  September 16, 2020

Before Judges Geiger and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. SC-001000-19.

Schiller McMahon LLC, attorneys for appellant (Brian S. Schiller on the brief).

Respondent has not filed a brief.

PER CURIAM

Defendant Brad Marquart appeals from a Special Civil Part judgment in favor of plaintiff Sheila B. Schneit in the amount of $800 plus $45 in costs issued

following a short bench trial. Defendant argues the judgment should be reversed and the case remanded for a new trial before a different trial judge. Specifically, defendant alleges (1) the plaintiff failed to prove her claim by a preponderance of the evidence; (2) the trial judge failed to find facts and state conclusions of law as required by Rule 1:7-4(a); (3) the trial judge improperly considered hearsay testimony; and (4) the trial court erred in entering judgment against him individually because he was not a party to the contract. Based on our review of the record and in light of the governing legal principles, we are constrained to vacate the judgment and remand to allow the trial judge to make findings of fact and conclusions of law based on the record.

We discern the following facts from the limited record before us. In 2017, Perfection Painting LLC submitted a proposal to plaintiff which set forth the scope of the work to be performed. Defendant was not a party to the proposal and served only as an estimator. The work included replacing drywall, priming the fresh drywall, installing and painting a new baseboard, and painting all the wall space in certain areas of plaintiff's home. The total price was initially $2600. However, Perfection Painting LLC provided a $300 discount, at plaintiff's request, reducing the total price to $2300. This change was reflected in the contract. Before work had begun, plaintiff advised Perfection Painting

LLC that she had hired a flooring company to install and paint the baseboard. To reflect this change, Perfection Painting LLC crossed off that line item and subtracted $470 from the contract price, reducing the total contract price to $1830. Defendant completed the work on September 12, 2017. Plaintiff paid Perfection Painting LLC in full for its services in the amount of $1830.

Sometime thereafter, plaintiff contacted defendant to complain that the work was unfinished. It is unclear from the record what specific work plaintiff alleged to be incomplete. Defendant reviewed the proposal and determined that all the work specified in the contract had been completed.

Plaintiff filed an action in the Small Claims Section of the Special Civil Part on June 11, 2019 seeking $800 plus costs, alleging defendant has not completed the work under the contract. A bench trial was conducted on June 24, 2019.

At trial, plaintiff testified that defendant "was supposed to come back to finish the work[.]" When pressed on the specific work that was left unfinished, plaintiff replied that, "[t]he bottom of the wall needed a second coat toward the drywall, I had the drywall done by what [defendant] said . . . By somebody else . . . The flooring people did the – I mean the baseboard . . . I didn't mean the drywall." Defendant, on the other hand, testified that the parties "had come to

an agreement on a price, the work was done, completed, [plaintiff] was very happy and paid me in full." Defendant also testified that he "didn't do any coats of the baseboard." Defendant testified further that, "[w]e took the baseboard out of the price. [Plaintiff] said the floor guy was going to be doing the baseboard . . . I never did any of the baseboard. [Plaintiff] paid me in full for the work that was completed."

This appeal ensued.

On June 24, 2019, the trial judge issued an oral decision, finding in favor of plaintiff, and entered a judgment in the amount of $800 plus $45 in costs. The trial judge made scant findings. The trial judge found that "there was a contract and there was an agreement in place by the parties." The trial judge summarily concluded that plaintiff's "proof is greater weight of evidence here." The trial judge ultimately ruled in favor of plaintiff "in the amount of $800 plus the filing fees[.]"

On appeal, defendant presents the following arguments:

> I. THE TRIAL COURT FOUND FOR THE PLAINTIFF DESPITE PLAINTIFF'S FAILURE TO PROVE HER CLAIM BY A PREPONDERANCE OF THE EVIDENCE, REQUIRING JUDGMENT AGAINST DEFENDANT TO BE VACATED AND THE MATTER DISMISSED; [ALTERNATIVELY], THIS MATTER SHOULD BE REVERSED, REMANDED, AND REASSIGNED.

II. THE COURT DID NOT FIND FACTS AND STATE CONCLUSIONS OF LAW BY OPINION OR MEMORANDUM, WRITTEN OR ORAL, IN VIOLATION OF RULE 1:7-4(A); NOR DID THE COURT MAKE CREDIBILITY FINDINGS, REQUIRING THIS MATTER TO BE REVERSED, REMANDED, AND REASSIGNED.

III. THE COURT IMPROPERLY CONSIDERED HEARSAY TESTIMONY OFFERED BY . . . PLAINTIFF, REQUIRING THIS MATTER TO BE REVERSED, REMANDED, AND REASSIGNED.

IV. JUDGMENT AGAINST DEFENDANT MUST BE VACATED AND THE MATTER DISMISSED, AS DEFENDANT WAS NOT A PARTY TO THE CONTRACT.[1]

V. IF THE MATTER IS REVERSED AND REMANDED, THIS MATTER SHOULD BE REASSIGNED TO A DIFFERENT TRIAL JUDGE AS THE [TRIAL JUDGE] IS NOT COMPETENT TO HEAR SUCH MATTERS, AND DEFENDANT WILL NOT RECEIVE A FAIR TRIAL GIVEN THE ARGUMENTS SET FORTH IN THIS BRIEF.

---

[1] Our courts have held that piercing the corporate veil as to a particular person requires his or her personal complicity in the misuse of the corporation or in failure to observe corporate formality. See Arrow Mfg. Co., Inc. v. Levinson, 231 N.J. Super. 527, 533-34 (App. Div. 1989) (setting aside the judgment because there was insufficient evidence to support piercing the corporate veil and holding defendant personally liable for the corporate debt). There is nothing in the record to suggest that defendant should be held personally liable for plaintiff's breach of contract claim against Perfection Painting LLC.

We begin with the well-settled standard of review in an appeal from a bench trial. Ordinarily, "[t]he scope of [our] review of a trial court's fact-finding function is limited." Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (quoting Cesare v. Cesare, 154 N.J. 394, 411 (1998)). We review final determinations made by the trial court "premised on the testimony of witnesses and written evidence at a bench trial, in accordance with a deferential standard[.]" D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013). However, in the present case, "the trial court here has failed to make any findings upon which we might bestow our deference." Rolnick v. Rolnick, 290 N.J. Super. 35, 42 (App. Div. 1996).

Defendant argues, and we agree, that the trial judge's failure to make factual and credibility findings requires us to vacate the judgment and remand the matter to allow the trial judge to make detailed findings of fact and conclusions of law based on the evidence presented at trial. It is well-settled that "[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury[.]" R. 1:7-4(a). "In a non-jury civil action, the role of the trial court at the conclusion of the trial is to find the facts and state conclusions of law . . . Failure to perform that duty 'constitutes a disservice to the litigants, the

6                                                                    A-5289-18T1

attorneys and the appellate court.'"  Curtis v. Finneran, 83 N.J. 563, 569-70 (1980) (quoting Kenwood Assocs. v. Bd. of Adj. Englewood, 141 N.J. Super. 1, 4 (App. Div. 1976)).  In the same vein, a trial court's factfinding role "is fundamental to the fairness of the proceedings and serves as a necessary predicate to meaningful review[.]"  R.M. v. Supreme Court of New Jersey, 190 N.J. 1, 12 (2007).  A trial court must make adequate findings of fact "so that the parties and the appellate court may be informed of the rationale underlying his [or her] conclusion[s]."  Esposito v. Esposito, 158 N.J. Super. 285, 291 (App. Div. 1978).

The record does not conclusively support a finding that Perfection Painting LLC failed to complete the work under the proposal and, even if it did, it is unclear what actual work was left unfinished.  The trial judge merely stated that, "[p]laintiff's proof is [of] greater weight of evidence here[.]"  The trial judge ultimately held for plaintiff "in the amount of the $800 plus the filing fees[.]"  The trial judge did not explain how he arrived at this figure.  Nor did he explain why defendant was personally liable for any verdict.  On remand, the trial judge will address the foregoing issues.

To the extent that we have not addressed defendant's remaining arguments, we conclude that they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

The judgment is vacated, and the matter is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION